**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CRAIG A. BREED,                              )
                                             )
            Plaintiff,                       )
                                             )      Civil Action No. 1:26-cv-01688 (UNA)
v.                                           )
                                             )
                                             )
DONALD TRUMP, et al.,                        )
                                             )
                                             )
            Defendants.                      )

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on its initial review of Plaintiff's Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2, and his *pro se* Complaint, ECF No. 1.  The Court grants Plaintiff's IFP Application, and for the reasons explained below, it dismisses this matter without prejudice.

Plaintiff, a resident of the District, sues the President of the United States and Goldman Sachs, *see* Compl. at 1–2, but provides no contact information for the Defendants, in contravention of D.C. Local Civil Rule 5.1(c)(1).  The allegations are vague and difficult to follow.  He alleges only that his "patent was stolen and then used to form Business Global Peace Application," and seeks "the return of the business assets so that it might be put to a different use.  *Id.* at 4.  No other supporting details or context is provided.  The remainder of the Complaint consists of unexplained exhibits and memoranda, *see id.* at 6–11; Exhibits, ECF No. 1-2; *see also* D.C. LCvR 5.1(e).  These exhibits and memoranda relate to random topics, largely cryptocurrency and purported far-reaching political conspiracies spanning several decades.  *See* Compl. at 6–11; Exhibits.

*Pro se* litigants must comply with the Rules of Civil Procedure, *see Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987), and here, the Complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a pleading to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff's allegations cannot be described as clear and direct, *see* Fed. R. Civ. P. 8(d)(1), and the paragraphs are not limited to a single set of circumstances, *see* Fed. R. Civ. P. 10(b). When, as here, a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. Dist. of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. Dist. of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). Put differently, "[a] confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). Plaintiff's Complaint falls squarely into this category, failing to provide the Court or the Defendants with adequate notice of a claim, and falling short of establishing the Court's subject matter jurisdiction.

Moreover, Plaintiff's allegations centered on his belief in ongoing government conspiracies are patently frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Such allegations that are

"so attenuated and unsubstantial as to be absolutely devoid of merit." *See Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)) (internal quotation marks omitted); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").

Accordingly, this matter is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date:   June 16, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge